IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELLE E CROWE;  
MATTHEW T. HOOVER;  
TYLER FRANKLIN; and  
MICHAEL RYAN JOHNSON,

        Plaintiffs,

v.

GLOBAL FITNESS HOLDINGS, LLC,

        Defendant.

Civil Action

No.

JURY TRIAL DEMANDED

## CIVIL COMPLAINT–FLSA COLLECTIVE ACTION

Plaintiffs, by undersigned counsel, file this Civil Complaint and in support allege the following:

1. This is a collective action lawsuit brought pursuant to 29 U.S.C. §216(b), on behalf of a group of similarly situated Fitness Counselors employed or formerly employed by Global Fitness Holdings LLC, to recover wages and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq*.

2. The collective action group consists of Fitness Counselors employed by Defendant Global Fitness Holdings, who Defendant has failed and refused to pay overtime because it misclassified those employees as exempt, but who are, in actuality, nonexempt inside sales people under the FLSA

3. This action challenges both the misclassification of these workers, and Defendant's denial to Plaintiffs and the collective action group of the overtime wages owed to them as employees under the FLSA.

**I. Jurisdiction**

4. The jurisdiction of this Court is invoked pursuant to to 29 U.S.C. §§ 201-219; 29 U.S.C. § 216, 28 U.S.C. §1331; and this court's supplemental jurisdiction under 28 U.S.C. §1337(a).

**II. The Parties**

5. Plaintiff, Michelle E. Crowe resides at 835 Highview Street, Apt. 1, Pittsburgh, PA 15206. Crow has been employed by Defendant as a Fitness Consultant since February 2010. (Pursuant to 29 U.S.C §216(b), Crowe's Consent to Sue, is attached as App. Ex. 1).

6. Plaintiff, Matthew T. Hoover, resides at 1919 Forbes Ave, Loft 304, Pittsburgh, PA 15219. Hoover has been employed by Defendant as a Fitness Consultant since June 2010. (Pursuant to 29 U.S.C. §216(b), Hoover's Consent to Sue, is attached as App. Ex. 1).

7. Plaintiff, Tyler Franklin resides at 320 West Sycamore Street, Pittsburgh, PA 15211. Franklin has been employed by Defendant as a Fitness Consultant since January 2010. (Pursuant to 29 U.S.C. §216(b), Franklin's Consent to Sue, is attached as App. Ex. 1).

8. Plaintiff, Michael Ryan Johnson resides at 145 South 18th Street, Apt. B, Pittsburgh, PA 15203. He was employed by Defendant as a Fitness Consultant from December 2009 through March 2011. (Pursuant to 29 U.S.C. §216(b), Johnson's Consent to Sue, is attached as App. Ex. 1).

9. Defendant, Global Fitness Holdings, LLC, is a corporation whose principal place of business is 1056 Wellington Way, Suite 200, Lexington, KY 40513-2000. It operates a place of business in the Western District of Pennsylvania at 19 Bakery Square Way, Pittsburgh, PA 15206, under the name of Urban Active Fitness.

10. At all times relevant, Defendant engaged in interstate commerce within the meaning of 29 U.S.C. §§ 203(b), 203(I), 206(a), and 207(a).

11. Defendant was the employer of Plaintiffs within the meaning of FLSA, 29 U.S.C. §203(d).

12. At all times relevant, Defendant had annual gross revenues in excess of $500,000.00.

### III. Facts

13. From February 2010 through and including the filing of this Complaint and onward into the future, Crowe worked and continues to work as a Fitness Consultant for Defendant. A Fitness Consultant essentially engages in inside sales by taking phone inquiries and attempting to solicit the customer to purchase Defendant's services.

14. From June 2010 through and including the filing of this Complaint and onward into the future, Hoover worked and continues to work as a Fitness Consultant for Defendant. A Fitness Consultant essentially engages in inside sales by taking phone inquiries and attempting to solicit the customer to purchase Defendant's services.

15. From January 2010 through and including the filing of this Complaint and onward into the future, Franklin worked and continues to work as a Fitness Consultant for Defendant. A Fitness Consultant essentially engages in inside sales by taking phone inquiries and attempting to solicit the customer to purchase Defendant's services.

16. From December 2009 through March 2011 Johnson worked as a Fitness Consultant for Defendant. A Fitness Consultant essentially engages in inside sales by taking phone inquiries and attempting to solicit the customer to purchase Defendant's services.

17. Defendant operates a series of fitness clubs and gymnasiums in several states in the eastern and midwestern sections of the United States.

18. Defendant offers its customers access through its centers to state-of-the-art

cardiovascular and strength equipment, group classes and certified personal trainers to be used to acquire what it terms "innovative fitness."

19.     A Fitness Consultant is responsible for promoting and selling memberships to potential new members and selling renewals/upgrades to current members through the use of internal and external marking efforts, setting appointments and using other company-sponsored presentation tools.

20.     A fitness Consultant's primary work duty is not directly related to management policies or general business operations of Defendant.

21.     The majority of time spend by Fitness Consultants is in the office making telephone sales calls and taking call-ins to solicit Defendant's customers and potential customers to purchase the services Defendant offers, or in work closely related to selling the services Defendant offers.

22.     Sales are made primarily to the general public who are solicited to purchase memberships in Defendant's fitness centers.

23.     During the course of their employment, Fitness Consultants are paid a draw and commission based on the number of sales made.

24.     All of the services sold by the Fitness Consultants are for access and membership in Defendant's fitness centers.

25.     Defendant's business is the sale of fitness club memberships as well access to Defendant's fitness classes and the services of its personal trainers.

26.     Thus, Defendant's Fitness Consultants' primary day-to-day duty is to produce sales of Defendant's services through telephone solicitation.

27.     The sales that Defendant's fitness Consultants produce are sales to a particular

customer–that is, they are discrete, particularized sales transactions to one person at a time, and they are not engaged as their primary duty in marketing activity aimed at promoting, increasing, developing, facilitating and/or maintaining customer sales generally.

28. Defendant expected all Plaintiffs, to work more than 40 hours in a week, and they regularly worked more than 40 hours a week.

29. Indeed, during end of the month periods, Defendant required and expected Plaintiffs to work more than 50 hours a week.

30. However, Plaintiffs, were not paid time and one half their regular rate of pay for the overtime hours they worked.

**Collective Action Group Allegations**

31. Plaintiffs bring this FLSA lawsuit pursuant to 29 U.S.C. §216(b) as a collective action on behalf of the following group of potential opt-in litigants:

> All individuals who worked as Fitness Consultants for Global Fitness Holdings, LLC, between June 1, 2008 and the present, and who were classified as nonexempt for purposes of eligibility for payment of time and one half overtime by GFH.

32. Plaintiffs and the above collective action group members are "similarly situated" as that term is defined by 29 U.S.C. §216(b), because, *inter alia*, all collective action group members are required by Defendant to work more than 40 hours a week; all have substantially the same job requirements and pay provisions described in this complaint; work pursuant to GFH's common business practices and procedures as described herein; and, as a result of such practices, were not paid the legally mandated overtime and wages for all hours worked over 40, as required by the FLSA.

33. Resolution of this action requires inquiry into many common facts, including GFH's

common procedures, worker misclassifications, compensation, timekeeping and payroll practices.

34.     The collective action group for whose benefit this action is brought numbers about 100 Fitness Consultants in *inter alia*, Pennsylvania, Ohio, Nebraska, Tennessee, Kentucky, North Carolina, and Georgia who each work under the same uniform GFH policies, practices and conditions outlined herein.

35.     Plaintiffs are members of the similarly situated collective action group they seeks to represent and their claims arise from the same factual and legal basis as those of the other group members.

36.     Plaintiffs have no interest antagonistic to, or in conflict with, the collective action group members.

37.     All members of the collective action group have been injured by the same company-wide policies and practices by GFH as described herein.

## Count I
## Fair Labor Standards Act ("FLSA")

38.     Plaintiffs incorporate the allegations of paragraphs 1 through 37 of this Complaint as if fully set forth.

39.     Defendant employed Plaintiffs in commerce for many work weeks more than forty hours but failed to compensate Plaintiffs for such work in excess of forty hours at a rate not less than one and one-half times the regular rate at which he was employed, in violation of FLSA, 29 U.S.C §207(a).

40.     During the same period, Defendant further failed to pay Plaintiffs overtime payments beyond the next payday after the overtime was worked and computed, in violation of 29 U.S.C. §207(a), and 29 C.F.R. §778.106.

41.     Defendant's refusal to pay Plaintiffs at a rate not less than one and one-half the regular rate at which they were employed for work performed in excess of the forty hour workweek was willful.

WHEREFORE, the Plaintiffs, demand judgment against Defendant for all overtime wages due, as well as liquidated damages in the amount of one hundred percent of the unpaid overtime wages, interest, Plaintiffs' costs in prosecuting this action, and a reasonable attorney's fee.

### Count II
### Pennsylvania Minimum Wage Act ("PMWA")

42.     The Pennsylvania Plaintiffs incorporate the allegations of paragraphs 1 through 41 of this Complaint as if fully set forth.

43.     During the relevant time period, Defendant employed the Pennsylvania Plaintiffs in commerce for many work weeks more than forty hours but failed to compensate the Pennsylvania Plaintiffs for such work in excess of forty hours at a rate not less than one and one-half times the regular rate at which they were employed, in violation of the PMWA, 43 P.S. § 333.104(c) and 34 Pa. Code. §231.41.

45.     Defendant's refusal to pay the Pennsylvania Plaintiffs at a rate not less than one and one-half the regular rate at which they were employed for work performed in excess of the forty hour workweek was willful.

WHEREFORE, the Pennsylvania Plaintiffs request an order requiring Defendant to make restitution of all state law overtime wages due to Plaintiffs in an amount to be proved at trial, along with the costs of this litigation and reasonable attorney's fees.

## Count III
### Pennsylvania Wage Payment and Collection Law ("PWPCL")

46. Plaintiffs incorporate the allegations of paragraphs 1 through 45 of this Complaint as if fully set forth.

47. During the relevant time period, Defendant employed the Pennsylvania Plaintiffs for many work weeks more than forty hours but failed to compensate Plaintiffs for such work in excess of forty hours at a rate not less than one and one-half times the regular rate at which he was employed, in violation of the PWPCL, 43 Pa. Cons. Stat. Ann. § 260.3.

48. Defendant's failure to timely pay the Pennsylvania Plaintiffs the wages due and owing is a violation of 43 Pa. Cons.Stat.Ann. §260.3(b).

49. Defendant's failure to pay the Pennsylvania Plaintiffs was not in good faith, and therefore, pursuant to 43 Pa. Cons.Stat.Ann. §260.10. There, the Pennsylvania Plaintiffs are entitled, in addition to the amount due and owing, an amount equal to 25% of the total amount of wages due.

50. Pursuant to the PWPCL, 43 Pa. Cons. Stat. Ann. § 260.3 such overtime pay is due and payable by Defendant to the Pennsylvania Plaintiffs on regular paydays; Defendant failed to pay the Pennsylvania Plaintiffs overtime pay on regular paydays.

51. Defendant's refusal to pay the Pennsylvania Plaintiffs at a rate not less than one and one-half the regular rate at which they were employed for work performed in excess of the forty hour workweek on regular paydays was willful.

WHEREFORE, the Pennsylvania Plaintiffs, demand judgment against Defendant in an amount due Plaintiffs for overtime compensation; liquidated damages; reasonable attorney fees and costs; and such other and further relief as the court deems to be proper.

Respectfully Submitted,

**Samuel J. Cordes & Associates**

/S/ Samuel J. Cordes
Samuel J. Cordes
Pa. I.D. No. 54874

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500

Attorney for Plaintiffs



## CONSENT TO SUE UNDER THE F.L.S.A

I, Michelle Elaine Crowe, hereby consents to be a Plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 et. seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Global Fitness Holdings, LLC and any other associated parties.

I authorize Samuel J. Cordes & Associates and associated attorneys as well as any successors or assigns, to represent me in such action.

Date: 05/3/11

_____
Michelle Elaine Crowe

## CONSENT TO SUE UNDER THE F.L.S.A

I, Matthew Thomas Hoover, hereby consent to be a Plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 et. seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Global Fitness Holdings, LLC and any other associated parties.

I authorize Samuel J. Cordes & Associates and associated attorneys as well as any successors or assigns, to represent me in such action.

Date: 5/30/11

_____
Matthew Thomas Hoover

## CONSENT TO SUE UNDER THE F.L.S.A

I, _TYLER FRANKLIN_, hereby consent to be a Plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 et. seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Global Fitness Holdings, LLC and any other associated parties.

I authorize Samuel J. Cordes & Associates, and any associated attorneys as well as any successors or assigns, to represent me in such action.

Date: _05/03/2011_                               _[signature]_

## CONSENT TO SUE UNDER THE F.L.S.A

I, Michael Ryan Johnson, hereby consent to be a Plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 et. seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Global Fitness Holdings, LLC and any other associated parties.

I authorize Samuel J. Cordes & Associates, and any associated attorneys as well as any successors or assigns, to represent me in such action.

Date: 5/6/11